UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALVIN R. MCKINLEY                                                                   PLAINTIFF

V.                                              CIVIL ACTION NO. 3:19-CV-803-KHJ-LGI

JAMES L. MOFFITT and
MOFCO LOGISTICS, LLC                                                          DEFENDANTS

ORDER

Before the Court are Defendants' Mofco Logistics, LLC and James L. Moffitt's (collectively, "Defendants") [30] Motion in Limine to Exclude Speculative Opinion and Plaintiff Alvin McKinley's [31] Motion in Limine to Exclude Unrelated Medical Records. For the following reasons, the Court denies Defendants' motion and defers ruling on McKinley's.

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v.*

*Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

   I.   Motion in Limine to Exclude Speculative Opinion [30]

Defendants move to exclude opinion testimony of lay witness Mika Harp, asserting that he "gave his unqualified medical opinion in which he speculates about the mental and physical state of Defendant Moffitt." [30] at 1. At his deposition, Mr. Harp testified that he believed Moffitt was intoxicated at the time of the subject accident. Deposition of Mika Harp [30-1] at 18:5-7. Defendants object to use of this testimony at trial. [30] at 5.

Federal Rule of Evidence 701 states that opinion testimony from lay witnesses must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." F. R. Evid. 701. Lay witnesses may offer testimony about another's intoxication if such testimony stems from their rationally based perception. *See Havard v. State*, 800 So. 2d 1193, 1196 (Miss. Ct. App. 2001) (holding that the trial court did not err in permitting witnesses to testify that they believed a driver to be drunk in a car accident case); *Whitehead v. Book*, 641 F. Supp. 2d 549, 558-59 (M.D. La. 2008) (holding that the district court did not err in allowing lay witnesses to opine on the defendant's intoxication).

Provided that Mr. Harp testifies about Mr. Moffitt's alleged intoxication

2

grounded in his rationally based perception, the Court will permit the testimony. Defendants' motion is thus denied.

II.     Motion in Limine to Exclude Unrelated Medical Records [31]

McKinley moves to exclude "unrelated medical records" that "do not pertain to treatment and/or injuries related to the subject accident or body parts in issue." [31] at 1-2. He asserts that the medical records are "irrelevant and should be excluded pursuant to Rules 401, 402, 403, and 404 of the Federal Rules of Evidence." *Id.* at 2. Defendants assert that these medical records contain information relevant to their defense, specifically for the causation element. Mem. in Opp. [33] at 1-2.

Defendants direct the Court to *Horridge v. Keystone Lines*, No. 1:06-cv-1126, 2008 WL 4514313 (S.D. Miss. Oct. 1, 2008). There, this Court permitted evidence of prior medical treatment for similar injuries because it was relevant for the jury's determination of proximate causation. McKinley's motion and Defendants' response are vague as to what the purported prior medical treatment and similar injuries are and what medical records the Defendants seek to introduce. The Court therefore lacks sufficient information to rule on this evidentiary matter pretrial and defers ruling until trial. The Court will consider specific objections then.

III.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Defendants' [30] Motion in Limine

to Exclude Speculative Opinion and DEFERS RULING ON McKinley's [31] Motion in Limine to Exclude Unrelated Medical Records.

SO ORDERED this the 13th day of January, 2022.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE